**Armando RIVAS–SOLIS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72414.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 25, 2008.

Michael T. Purcell, Esquire, Portland, OR, for Petitioner.

Gjon Juncaj, Senior Litigation Counsel, United States Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San francisco, CA, U.S. Department of Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM **

Armando Rivas–Solis, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for adjustment of status. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of law, *Acosta v. Gonzales*, 439 F.3d 550, 552 (9th Cir.2006), and we grant the petition for review and remand for further proceedings.

The agency determined that Rivas–Solis was ineligible to adjust his status under Immigration and Nationality Act § 245(i) due to his inadmissibility under § 212(a)(9)(C)(i)(I). At the time of its decision, the BIA did not have the benefit of our decision in *Acosta*. *See id.* at 556 ("[A]n alien inadmissible for accruing more than one year of unlawful presence is eligible for penalty-fee adjustment of status."). We therefore remand for the agency to reconsider Rivas–Solis' application for adjustment of status in light of our intervening case law.

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.